MARY ANN KELLER et al., Appellants, *v.* SUSAN OGSBURY, Respondent.

O. died, leaving a will by which he disposed of all his estate. He authorized and directed S., his executrix, to sell all his real estate, except a portion specifically devised, within five years from the date of his decease, and at such time within that period as may seem best to her, and "in such portions or parcels, or all together as she may think best or most profitable," and from the proceeds to pay certain legacies. The use and possession of said realty, until its sale, with the rents and profits thereof, were given to S., and she was made the residuary legatee. In an action brought by legatees against S. in her individual capacity, the complaint alleged that she was cutting down and selling off timber from the real estate, and had done so to the extent of about $800; that the commission and continuance of such acts have reduced the value of the realty and rendered doubtful the sufficiency of the estate to pay plaintiffs their legacies, and that plaintiffs' interests as tenants in common are threatened; an injunction was asked for. *Held*, that no cause of action for equitable interference appeared on the face of the complaint, and that it was properly dismissed; that the averments in the complaint were to the effect simply that defendant had been and was converting the realty into personalty by a sale, which she was authorized to do under the will, and for the proceeds of the sale she was obliged to account as executrix.

(Argued April 24, 1890; decided June 3, 1890.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 13, 1888, which affirmed a judgment in favor

of defendant, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Levi H. Brown* for appellants. The trial court erred in dismissing the complaint on the ground that by the will the whole real estate not specifically devised was converted into personalty at the death of the testator, and that defendant held the same as personal property to be accounted for by her as executrix. (*Ogsbury* v. *Ogsbury*, 115 N. Y. 290; *Clift* v. *Moses*, 116 id. 144–157; *Salisbury* v. *Howe*, 87 id. 128; *Harpending* v. *Munson*, 91 id. 651; *McMaster* v. *State*, 103 id. 547, 555.) The title of the real estate not specifically devised vested in plaintiffs, defendant and other heirs as tenants in common, and there had been no sale at commencement of this action or even to this time. (*Ogsbury* v. *Ogsbury*, 115 N. Y. 290; *Chamberlain* v. *Taylor*, 105 id. 185, 190, 193; *Manice* v. *Manice*, 43 id. 304; *Lent* v. *Howard*, 89 id. 169; *Lynes* v. *Townsend*, 33 id. 558–561; *King* v. *Dennison*, 6 Barb. 9–12, 13; *McGregor* v. *Brown*, 10 N. Y. 114.) As a tenant in common, in possession, the defendant must be enjoined from cutting down timber growing on the land and not wanted for the necessary use of the farm. (*Hawley* v. *Clowes*, 2 Johns. Ch. 122; 1 High on Inj. §§ 671, 688, 692; *N. Y. R. & D. Co.* v. *Fitch*, 1 Paige, 97; *Atkinson* v. *Hewett*, 51 Wis. 275, 281; *Sarles* v. *Sarles*, 2 Sandf. Ch. 601; *Hext* v. *Gill*, L. R. [7 Ch. App.] 699, 711; *Horton* v. *Carhart*, 14 N. Y. S. R. 546; *Trustees, etc.*, v. *Mattison*, 12 id. 370; Story's Eq. Juris. §§ 928, 929; *Watson* v. *Hunter*, 5 Johns. Ch. 169; *Livingston* v. *Livingston*, 6 Paige, 497; *Lurngstone* v. *Reynolds*, 26 Wend. 114; 89 N. Y. 493–497.) The plaintiffs, as legatees under the will as well as tenants in common, are entitled to maintain an action in their own behalf against this executrix, who, under cover of personal right, is committing spoliation of the real property out of which the legacies must be paid. (*Lent* v. *Howard*, 89 N. Y. 169; *Van De Mark* v. *Schoon-*

*maker*, 9 Hun, 16; *See* v. *Whallen*, 20 N. Y. W. D. 366.) The fact that plaintiffs' status, either as legatees or tenants in common, is not well settled because of the doubt as to the validity of the will does not weaken the plaintiffs' claim to equitable intervention. (*Kane* v. *Vanderberg*, 1 Johns. Ch. 11; *Robinson* v. *Kime*, 79 N. Y. 147, 151; *Corning* v. *T. I. Factory*, 40 id. 191; *W. P. I. Co.* v. *Reymert*, 45 id. 703; *Mudge* v. *Salisbury*, 110 id. 413–417.) Equitable conversion does not change the nature of the real estate or of the rights and remedies pertaining thereto, and until actually sold by the executor, has to be treated by her and all other persons as real property belonging to the estate. (*Wilder* v. *Ranney*, 95 N. Y. 7–12; *Chamberlain* v. *Taylor*, 105 id. 194; *Bogert* v. *Hertell*, 4 Hill, 492; 3 Pom. Eq. Juris. § 1166; Code Civ. Pro. § 1681.) The action is an equitable one, and the complaint should not be narrowed or restricted in the obvious scope and intent of its allegations in order to deprive the plaintiffs of the remedy to which the well-settled rules of law and equity entitle them by injunction against future waste as prayed for. (*Ogsbury* v. *Ogsbury*, 115 N. Y. 294, 295; *Leroy* v. *Veeder*, 1 Johns. 417, 427; *Laight* v. *Morgan*, Id. 434; *Bleeker* v. *Bingham*, 3 Paige, 246–251; *People* v. *Clement*, 107 N. Y. 205–207; *Livingston* v. *Reynolds*, 26 Wend. 115, 122, 123; *King* v. *Dennison*, 6 Barb. 9–14; *Robinson* v. *Kime*, 70 N. Y. 146–151; *Agate* v. *Lowenbein*, 57 id. 604–611; Story's Eq. Juris. §§ 912, 913, 914, 915; *Van Deusen* v. *Young*, 29 N. Y. 9–33; *McGregor* v. *Brown*, 10 id. 114; *Jackson Ex. Dem.* v. *Brownson*, 7 Johns. 227; 1 Addison on Torts, 280; *Williams* v. *Peabody*, 8 Hun, 271; 97 N. Y. 485; *De Witt* v. *Van Schoyk*, 110 id. 7–11; *Watson* v. *Hunter*, 5 Johns. Ch. 169; *Oakley* v. *Trustees, etc.*, 6 Paige, 262; *Horton* v. *Carhart*, 14 N. Y. S. R. 546; 89 N. Y. 497.)

*Chas. D. Wright* for respondent. The appeal should be dismissed with costs. (Code, § 191, subd. 3; 47 N. Y. 28; 110 id. 500; 107 id. 540; *Ramsey* v. *Harlow*, 33 Fed. Rep. 425.) The will imperatively directing the sale of the real estate

to pay debts and legacies effected a conversion thereof into personalty at the time of the death of the testator. (*Ogsbury* v. *Ogsbury*, 45 Hun, 388; 48 id. 615; *White* v. *Howard*, 46 N. Y. 162; *Bogart* v. *Hortell*, 4 Hill, 492; *Morse* v. *Morse*, 85 N. Y. 53; *Hood* v. *Hood*, Id. 561; *Delafield* v. *Barlow*, 107 id. 535–540; *Stagg* v. *Jackson*, 1 id. 206; *Ramsey* v. *Harlow*, 33 Fed. Rep. 425.)

GRAY, J. The plaintiffs are two of the daughters and legatees of Daniel Ogsbury, who died leaving a will, by which he disposed of all his estate. In the first place, he directs his executrix, another daughter and the defendant in this action, to sell all his real estate, except a portion which is particularly devised, "within five years from the date of his decease and at such time within that period as may seem best to her," and, from the proceeds, to pay certain after-mentioned legacies, aggregating in amount to about $11,000. The use and possession of the realty, until its sale, he then proceeds to give and bequeath to the defendant herself, and, also, meanwhile, all the rents, issues and profits of the same. By another, the seventh clause, he empowers his executrix to sell all, or any of such realty in such portions, or parcels, or altogether, as she may think best, or most profitable.

In the order prescribed by the will for the payment of the legacies out of the sale of the realty, this defendant stands first as legatee, in the sum of $5,000; while these plaintiffs come last, with legacies of $700 to the one and of $500 to the other. The defendant is also made the residuary legatee of the testator's property.

The complaint of these plaintiffs is not against their sister, as executrix, but in her individual capacity, and is to the effect that, being in possession, she is cutting down and selling off the timber upon the real estate, and has done so to the extent of some $800 in value; that the commission and continuance of such acts have reduced the value of the realty and rendered doubtful the sufficiency of the estate to pay to plaintiffs their legacies, and that the plaintiffs' interests as tenants in common

are threatened. Equitable relief is demanded by way of injunction.

The courts below have held that the facts stated did not constitute a cause of action against the defendant, and in so deciding we think they were right. But the General Term opinion proceeded on the basis that there was an equitable conversion of the realty into personalty, under the testamentary provisions, and that, therefore, the defendant took and held everything as personalty in her capacity as executrix. They had so held in their prior ruling in *Ogsbury* v. *Ogsbury* (45 Hun, 388) ; but in that case, which involved a construction of this will, on appeal we held otherwise, and denied relief to this defendant, who there, as executrix, sued for damages for a trespass upon the lands, upon the theory of an equitable conversion of the realty at testator's death. (115 N. Y. 290.) That theory is unnecessary, however, to the demonstration of the insufficiency of this complaint. It is perfectly clear from the will, which is embodied in the complaint of the plaintiffs, that they have no interest in this estate, except as legatees. What titular interest they, as heirs of the testator, may have at law in the real estate until its sale, is quite an unimportant consideration. They never could acquire the use and possession of it, for they and all benefits therefrom are given to the defendant, until the land is converted by her under the power conferred upon her as executrix. That power is one to be exercised, in her sole discretion within the period named of five years. The power to sell all of the real estate is only imperative as to the period within which the discretion to execute it must be exercised. The discretionary power, subsequently conferred in the will, to sell the real estate in portions, had this effect, namely, that upon the sale of any portion by the defendant, the proceeds became personal assets of the estate, for which she must account as executrix of the will.

Now, what do the allegations of this complaint show, except that the defendant has been and is converting some of the realty into personalty, by cutting down and selling off the timber? But that she was authorized to do, under the clause of

the will which empowered her to sell the real estate in such portions or parcels as to her might seem best. It is true that the plaintiffs allege that such acts are to their damage, by reducing the value of the farm and making its sufficiency in value to pay their legacies doubtful. But those allegations are not enough to support a case for equitable interference.

It is not shown that the value of the estate itself is impaired; nor is it shown that the defendant is insolvent; or that she is acting illegally; or that she is unable to respond in her executorial capacity, when duly called upon by those interested in the administration of the estate. On the contrary, it does appear that the plaintiffs are amply secured upon an accounting; inasmuch as for any wrongful act to the prejudice of the estate, the defendant's beneficial interest as legatee is large enough to cover the damage which may be shown as the result. We think that on the face of the complaint no cause appears for equitable interference. The plaintiffs occupy simply the position of legatees under the will, and as such can hold the defendant as executrix to a strict accountability for her administration, with ample assurance against her illegal or wasteful acts.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.